UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x

STANLEY JOHNSON, individually, and on behalf of all others similarly-situated,

                Plaintiff,

- against -

M.A.C. COSMETICS, INC. and THE ESTEE LAUDER COMPANIES, INC.,

                Defendants.

Civil Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

------------------------------------------- x

      Stanley Johnson ("Plaintiff"), by and through his undersigned counsel, on behalf of himselfs and on behalf of those similarly situated, brings this Fair Labor Standards Act collective action and Rule 23 class action against M.A.C. Cosmetics, Inc. ("M.A.C.") and the Estee Lauder Companies, Inc. ("Estee Lauder" and, together with M.A.C., "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

      1.      Plaintiff is a non-exempt employee who worked for Defendants. Plaintiff was regularly deprived of wages for hours he worked and regularly worked more than 40 hours in a week without being paid time-and-a-half overtime.

      2.      Plaintiff bring this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and as an opt-out Rule 23 class action on behalf of himself and the proposed class to remedy violations of New York state law, specifically New York Labor Law, Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.* (collectively the "NY Labor Law").

      3.      Plaintiff alleges that Defendants regularly and routinely failed to pay overtime and

failed to accurately calculate hours worked. Plaintiff alleges upon information and belief that the proposed collective and class members have the same or similar injuries resulting from the same unitary course of conduct of the Defendants.

4. Plaintiff is just one of thousands of New York and national employees who work or worked for Defendants as non-exempt employees and was not paid in accordance with federal law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

6. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy in excess of $5,000,000, exclusive of interest and costs, and at least one member from the class is a citizen of a state different from at least one Defendant. Alternatively, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 *et seq.* because (i) many of the acts and transactions giving rise to this action occurred in this District; (ii) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District through the promotion, marketing, distribution, and sale of its services in this District; and (iii) Defendants currently do substantial business in this District.

## PARTIES

8. Plaintiff Stanley Johnson is a citizen of the State of New York.

9. Defendant M.A.C. Cosmetics, Inc. is a corporation organized under Delaware law with its principal place of business in New York. M.A.C. was the employer of Plaintiffs and the members of the proposed Plaintiff Class during the Class Period.

10. Defendant the Estee Lauder Companies, Inc. is a corporation organized under

Delaware law with its principal place of business in New York. On information and belief, M.A.C. is a wholly-owned subsidiary of Estee Lauder.

## STATEMENT OF FACTS

**Plaintiff's Employment by Defendants**

11. M.A.C., an Estee Lauder subsidiary, is a leading cosmetics manufacturer and retailer.

12. Plaintiff worked as a non-exempt employee in M.A.C.'s retail locations from August 2012 until August 2018. Plaintiff worked at M.A.C.'s counter at Queens Center Mall in Elmhurst, New York and Roosevelt Field Mall in East Garden City, New York as a manager.

13. During Plaintiff's employment with Defendants, Plaintiff was not paid proper overtime.

14. At all relevant times, M.A.C. and Estee Lauder were alter egos.

15. Each Defendant acted as an agent, servant, employee, or alter ego for each of the other Defendants and in doing so, each Defendant acted within the course, scope, and under its authority as an agent, servant, employee, or alter ego of every other Defendant. Each Defendant ratified, permitted, consented to, or otherwise authorized and adopted the alleged acts and/or omissions of, and any statements made by, the other Defendants.

16. Each Defendant is in some manner legally responsible for the acts and liabilities alleged herein, and any harm or damages sustained by Plaintiff was and continues to be the direct, proximate, and foreseeable result of the acts and/or omissions of Defendants, and each of them.

**Plaintiff's Time Records**

17. Plaintiff frequently logged over 40 hours in a week.

18. For example, during the week from May 13, 2018, to May 20, 2018, Plaintiff worked 42 hours and 30 minutes. However, Plaintiff was not paid overtime for this week.

**Defendants' Time Records**

19. There are discrepancies between the number of hours logged by Plaintiff and the number of hours shown on Plaintiff's paystubs.

20. For example, during the week from May 13, 2018, to May 20, 2018, Plaintiff worked 42 hours and 30 minutes. However, Plaintiff was not paid overtime for this week.

21. Plaintiff was never paid overtime wages as required under federal and New York law.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings Count I of this action (the "FLSA claims") on behalf of himself and all other similarly situated individuals (the "Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the Collective were, or are, employed by Defendants as non-exempt employees in New York and the United States during the applicable statutory period.

23. Plaintiff and the Collective are current and former employees of Defendants within the meaning of the FLSA and were employed by Defendants within three years of the date this Complaint was filed, *see* 29 U.S.C. § 255(a), who worked in excess of 40 hours in a workweek and were only paid their regular rate of pay.

24. The proposed Collective is defined as follows:

All persons who were or are employed by Defendants as non-exempt employees at any time in the three years prior to the filing of this Complaint.

25. Excluded from the Collective are Defendants and their officers and directors.

26. Plaintiff reserves the right to amend or modify the Collective definition in connection with a motion for collective action certification or as warranted by discovery.

27. This action has been brought and may properly be maintained on behalf of the Collective proposed herein under the FLSA, 29 U.S.C. § 216(b).

28. Questions of law and fact common to the Collective as a whole include, but are not limited to, the following:

   a. Whether Defendants failed and continue to fail to pay overtime compensation in

4

violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

b. Whether Defendants' policies and practices of their failure to pay overtime to Plaintiff and the Collective violate the applicable provisions of the FLSA;

c. Whether Defendants' failure to pay overtime to Plaintiff and the Collective was willful within the meaning of the FLSA;

d. Whether Defendants failed and continue to fail to make and maintain accurate records of actual time worked by Plaintiff and the Collective in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

29. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff on behalf of himself and the Collective, because Plaintiff's claims are similar to the claims of the members of the Collective.

30. Plaintiff and the Collective are similarly situated, have substantially similar contract agreements and pay provisions, and are subject to Defendants' common practice, policy, or plan of failing to keep accurate records and failing to pay overtime in violation of the FLSA.

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in complex class actions, FLSA, labor law, and employment law litigation.

32. The names and addresses of the Collective members are available from Defendants. To the extent required by law, notice will be provided to the prospective Collective members via first class mail and/or by use of techniques in a form of notice that has been used customarily in collective actions, subject to court approval.

## CLASS ALLEGATIONS

33. Plaintiff brings Counts II and III of this action (the "Class claims") on behalf of himself and all other similarly situated individuals (the "Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the Class were, or are, employed by Defendants as non-exempt employees in New York during the applicable statutory period.

34. Plaintiff and the Class are current and former employees of Defendants within the meaning of the NY Labor Law and were employed by Defendants within six years of the date this Complaint was filed.

35. The proposed Class is defined as follows:

All persons who were or are employed in the United States by Defendants as a non-exempt employee at any time in the six years prior to the filing of this Complaint, ), who worked in excess of 40 hours in a workweek and were only paid their regular rate of pay.

36. Excluded from the Class are Defendants and their officers and directors.

37. Plaintiff reserves the right to amend or modify the Class definition in connection with a motion for class action certification or as warranted by discovery.

38. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23. The Class claims satisfy the numerosity, commonality, predominance, typicality, adequacy, superiority, and ascertainability requirements of the provisions of Rule 23.

39. <u>Numerosity</u>. Although the exact number and identity of Members of the Class are uncertain and can only be ascertained through appropriate discovery, the number is great enough that joinder would be impracticable. Upon information and belief, Defendants employ hundreds of individuals as non-exempt employees in New York State.

40. <u>Commonality and predominance</u>. There are questions of law and fact that are common to the Class and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and the other members of the Class flow from the common nucleus of operative facts surrounding Defendants' misconduct.

41. Questions of law and fact common to the Class as a whole include, but are not limited to, the following:

   a. Whether Defendants failed and continue to fail to pay overtime compensation in violation of the NY Labor Law;

b. Whether Defendants' policies and practices of its failure to pay overtime to Plaintiff and the Class violate the applicable provisions of the NY Labor Law;

c. Whether Defendants' failure to pay overtime to Plaintiff and the Class was willful within the meaning of the NY Labor Law;

d. Whether Defendants failed and continue to fail to provide a detailed statement concerning wage calculations as required by the NY Labor Law; and

e. Whether Defendants failed and continue to fail to make and maintain accurate records of actual time worked by Plaintiff and the Class in violation of the NY Labor Law.

42. Any defenses raised by Defendants, to the extent that any such defenses apply, are applicable generally to Plaintiff and the entire Class, and are not distinguishable as to individual class members.

43. Typicality. The claims of the Plaintiff herein are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damages, as a result of the common course of conduct of Defendants as complained of in this class action complaint. The claims of Plaintiff are typical of the Class because Defendants subjected all Class members to the same course of conduct.

44. The claims for violation of the NY Labor Law are brought pursuant to Rule 23 for all claims asserted by Plaintiff on behalf of himself and the Class, because Plaintiff's claims are similar to the claims of the members of the Class.

45. Plaintiff and the Class are similarly situated, have substantially similar contract agreements and pay provisions, and are subject to Defendants' common practice, policy, or plan of failing to keep accurate records and failing to overtime in violation of the NY Labor Law.

46. Adequacy. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained attorneys highly experienced in the prosecution of complex employment and labor law class action litigation. Neither Plaintiff nor her attorneys have any interests antagonistic to the Class. Plaintiff and her counsel are committed to vigorously

7

prosecuting this action on behalf of the proposed Class and have the financial resources to do so.

47. <u>Superiority</u>. Plaintiff and Class members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit.

48. Individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class may be in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty in the management of this action that would preclude its maintenance as a class action. To the contrary, a class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

50. <u>Ascertainability</u>. The identity and address of each Class member can be readily ascertained through Defendants' records. Class members may be notified of the pendency of this action via first class mail and/or by use of techniques in a form of notice that has been used customarily in class actions, subject to court approval.

## COUNT I
### Failure to Pay Overtime Under the FLSA (29 U.S.C. § 207)

51. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

52. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

53. Plaintiff and the Collective are not exempt from the right to receive overtime pay under the FLSA.

54. Plaintiff and the Collective are entitled to be paid overtime compensation for all overtime hours worked.

55. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

56. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective, at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

57. Plaintiff on behalf of himself and the Collective that she seeks to represent is entitled to damages in the amount of their respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper.

58. At all times relevant to this Complaint, the Defendants have been and continue to be "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

59. At all times relevant to this Complaint, Defendants employed and continue to employ Plaintiff and the Collective, within the definition of the FLSA 29 U.S.C. § 203(e)(1).

9

60. At all times relevant to this Complaint, Defendants were enterprises "engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(A)(ii), because they had gross operating revenues in excess of $500,000.00.

61. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

62. Defendants have failed to make, keep, and preserve records with respect to each of the Plaintiffs and the Collective they seek to represent, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

63. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff on behalf of himself and the Collective she seeks to represent request recovery of their attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Overtime Under NY Labor Law § 652, 12 NYCRR § 142-2.2

65. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of New York Labor Law §§ 2 and 651.

67. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of New York Labor Law §§ 2 and 651.

68. Defendants willfully failed to pay Plaintiff overtime compensation at a rate of 1.5 times her regular rate of pay for each hour worked in excess of 40 hours in a workweek as required under New York Labor Law §§ 650 *et seq.*, 12 NYCRR § 146-1.4.

69. As a result of Defendants' New York Labor Law violations, Plaintiff and the Class

she seeks to represent are entitled to recover from Defendants amounts to be proven at trial for unpaid overtime wages, liquidated damages equal to 100% of the total wages found to be due, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

## COUNT II
### Violation of Wage Theft Prevention Act, NY Labor Law § 195

70. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

71. Plaintiff's paystubs do not identify Plaintiff's rate or rates of pay and basis thereof, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, the number of overtime hours worked, the applicable piece rate or rates of pay, or the number of pieces completed at each piece rate, as required under the Wage Theft Prevention Act, NY Labor Law § 195.

72. Defendants willfully failed to provide this required information along with Plaintiff's paystubs.

73. The failure to provide adequate paystub information obstructed Plaintiff's ability to determine whether she was being paid in compliance with state and federal law.

74. As a result of Defendants' violation of the Wage Theft Prevention Act, Plaintiff and the members of the Class she seeks to represent are each entitled to recover $250 for each work day that the violations occurred or continue to occur, not to exceed a total of $5,000, together with costs and reasonable attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief against Defendants as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective she represents pursuant to the Fair Labor Standards Act claims, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing

individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

  b.  Designating Plaintiff STANLEY JOHNSON as the representative for the Collective;

  c.  Determining that the Class claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and issuing an order certifying the Class as defined above;

  d.  Appointing Plaintiff STANLEY JOHNSON as the representative of the Class and her Counsel as Class counsel;

  e.  Issuing notice to the Class of this action;

  f.  Awarding Plaintiff and the Class unpaid overtime wages and an additional equal amount as liquidated damages, pursuant to NY Labor Law § 663(1);

  g.  Awarding Plaintiff and the Collective unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

  h.  Awarding Plaintiff and the Class damages for violations of the Wage Theft Prevention Act, pursuant to NY Labor Law § 198(1-d);

  i.  Awarding Plaintiff pre-judgment and post-judgment interest, pursuant to New York CPLR §§ 5001 and 5004;

  j.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees pursuant to NY Labor Law §§ 198 and 663(1) and 29 U.S.C. § 216(b);

  k.  Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff and Class members in an amount to be determined at trial;

  l.  Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the NY Labor Law, Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*;

  m.  Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

  n.  Awarding pre-judgment and post-judgment interest as provided by law;

  o.  Awarding reasonable attorneys' fees and costs; and

  p.  Awarding such other and further relief that this Court deems appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

Dated:   New York, New York            Respectfully submitted,
        October 5, 2018

                                                      By: _/s/ Salvatore C. Badala_

Paul J. Napoli (PN8845)
Salvatore C. Badala (SB1587)
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017
(212) 397-1000  (Phone)
(646) 843-7603  (Fax)
pnapoli@napolilaw.com
sbadala@napolilaw.com