**NAPOLI SHKOLNIK PLLC**
ATTORNEYS AT LAW

December 2, 2019

**VIA ECF**
The Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Court House
40 Foley Square
New York, New York 10007

*The parties' request for a conference in connection with their discovery dispute is GRANTED. The parties shall appear telephonically on December 6, 2019, at 11 a.m. Plaintiff shall circulate a dial-in number and meeting code to Defendant's counsel and to the Court, at BroderickNYSDChambers@nysd.uscourts.gov, no later than 3 p.m. on December 5, 2019.*

**SO ORDERED:**

/s/ Vernon Broderick
HON. VERNON S. BRODERICK   12/3/2019
UNITED STATES DISTRICT JUDGE

   **Re:** *Stanley Johnson, et al. v. M.A.C. Cosmetics, Inc., et al.*
     Case No.: 18-cv-09157 **- Joint Pre-Motion**

Dear Judge Broderick:

  We represent Plaintiffs in the above-referenced action. We write jointly with counsel for defendant M.A.C. Cosmetics, Inc. ("MAC"), et al. pursuant to this Court's Order issued on November 25, 2019 (ECF No. 32) requesting the parties to submit a joint letter consistent with Rule 3 of the Individual Rules and Practices in Civil Cases to the Court that includes: each party's position and relevant authority in support regarding pre-certification access to contact information for putative FLSA collective members.

**Plaintiff's Position**: We represent Stanley Johnson ("Johnson") and write under Rule II(b) of Your Honor's Individual Practices to request a pre-motion conference regarding his proposed motion to compel MAC to produce contact information for putative members of the Fair Labor Standards Act ("FLSA") collective alleged in his complaint. Pursuant to Local Rule 37.2, the parties conferred, but they were unable to resolve their dispute.

  **I.** **Johnson has brought a FLSA claim on behalf of himself and other similarly situated employees located throughout the country.**

  Johnson worked for M.A.C. as a make-up artist and manager in multiple New York retail locations from August 2012 to August 2018. He often failed to make minimum wage and overtime despite consistently working over forty hours per week. Accordingly, he has brought a FLSA action asserting minimum wage and overtime claims on behalf of himself and a nationwide collective of similarly situated employees. M.A.C. has employees at locations throughout the country.

  **II.** **Courts in the SDNY routinely grant plaintiffs access to putative FLSA collective members' contact information before conditional certification.**

  Ordering prompt disclosure of putative FLSA collective members' contact information will assist Johnson in investigating his claims and demonstrating that enough similarly situated plaintiffs exist for conditional certification. It will also provide his with the necessary information to find inadequacies—to the extent they exist—in the proposed collective and to redefine it if necessary. Finally, disclosure will facilitate the opt-in process, which is critical because the statute of limitations continues to run under FLSA until a plaintiff opts in.

For these reasons, courts in the SDNY have held time and time again that plaintiffs should be given pre-certification access to contact information for putative FLSA collective members:

| Case | Holding |
| --- | --- |
| Maria Vecchio v. Quest Diagnostics, Inc. et al., No. 1:16-cv-05165-ER | "Defendants are directed to produce the contact information for all potential class members for the time period of three years prior to the filing of the Complaint." |
| *Glatt v. Fox Searchlight Pictures Inc.*, 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012) (quotation marks, citations, and text alterations omitted) | "The weight of authority in this district counsels in favor of allowing disclosure of class contact information in FLSA cases prior to the conditional certification of a collective action. Indeed, courts routinely allow plaintiffs to discover identifying information regarding potential class members, and conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members." |
| *Ruiz v. Citibank, N.A.*, 2011 WL 43509, at *1 (S.D.N.Y. Jan. 4, 2011) (text alteration and ellipses omitted) | "It is entirely possible that other employees in the same category will be able to supply information to the plaintiffs that will either strengthen their contention that they are 'similarly situated' and thus improve the likelihood that the application for conditional certification will succeed or else will demonstrate that the plaintiffs' assumption of similarity is misplaced. Provision of such information at this stage may enable the plaintiffs to move at an earlier point in time for conditional certification." |
| *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (quotation marks, citations, and text alterations omitted) | "[T]he weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases . . . . We agree with these courts' reasoning in allowing pre-certification discovery of employee contact information in FLSA suits. Given the Supreme Court's direction that 'the broad remedial goal of the FLSA should be enforced to the full extent of its terms,' *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989), pre-certification discovery is appropriate to enable Plaintiff to define the class and identify similarly situated employees. Pre- certification discovery of employee contact information will either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification. Additionally, early access to this information may allow Plaintiff to move for conditional certification earlier and potentially permit putative class members to opt-in earlier. Encouraging early certification furthers the FLSA's broad remedial goal because the FLSA's limitations period continues to run until the potential class member opts in[.]" |
| *Fei v. WestLB AG*, 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) (citations omitted). | "[C]ourts often grant such motions to compel in tandem with their decision to grant conditional certification of the class. However, conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members. Indeed, the information that Fei seeks obviously will be of considerable help to Fei in his efforts to define the class . . . Furthermore, allowing Fei to discover the identity of potential opt-ins at an early stage may help the plaintiffs show that there are enough similarly-situated plaintiffs that the action should be conditionally certified." |

The fact that Johnson has brought a statewide Rule 23 class action under the New York Labor Code strengthens his argument because he can also utilize information obtained from New York M.A.C. employees to support his commonality, typicality, and predominance showings at class certification. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 n.20 (1978) (class information may be "obtained under the discovery rules . . . where this information could be relevant to issues that arise under Rule 23"); *Youngblood v. Family Dollar Stores, Inc.*, 2011 WL 1742109, at *3 (S.D.N.Y. Jan. 5, 2011) (favorably citing FLSA disclosure cases, including some of those discussed here, and ordering production of class members' contact information because "it is clear that the information sought is relevant—indeed essential—for Plaintiffs to establish" predominance). *Accord Whitehorn*, 2010 WL 2362981, at *1 (ordering production of contact information for FLSA collective members in a case also involving a Rule 23 class action under the New York Labor Code).

### III. None of M.A.C.'s prior arguments against production holds water in the SDNY.

In the parties' prior communications, MAC has made several arguments against production based largely on out-of-district case law: (1) Johnson has not yet shown that he and the potential opt ins are similarly situated; and (2) the information sought raises privacy concerns. Courts in the SDNY have *overwhelmingly* rejected each of these arguments.

*First*, there is no requirement that Johnson make a similarly situated showing before getting collective members' contact information (which he needs for precisely that purpose). *See, e.g.*, *Glatt*, 2012 WL 2108220, at *3 ("Searchlight's argument is circular, as precluding Plaintiffs from accessing the contact information would hamstring their ability to make the showing Searchlight demands. For this reason, conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members.") (quotation marks and citation omitted); *Whitehorn*, 2010 WL 2362981, at *1-2 (ordering production of putative FLSA collective members' contact information despite defendants' argument that "Plaintiff had not made a *prima facie* showing of the merits of his claims or the existence of similarly situated individuals") (quotation marks omitted). Indeed, courts in the SDNY often order defendants to produce putative collective members' contact information even where plaintiffs have definitively failed to satisfy their similarly situated burden at conditional certification in order to give plaintiffs a second chance at certifying a collective. *See, e.g.*, *Flores v. Osaka Health SPA, Inc.*, 2006 WL 695675, at *3–4 (S.D.N.Y. Mar. 16, 2006) (ordering production of putative collective members' contact information, despite finding that plaintiffs did not satisfy similarly situated standard and denying their motion for conditional certification).

*Secondly*, "the disclosure of putative [collective] members' telephone numbers and e-mail addresses is appropriate to facilitate the speedy collection of data so that [Johnson] may quickly move for conditional certification and potentially begin the opt-in process. Accordingly, [Johnson's] need and due process right to conduct discovery outweighs any privacy concerns of the putative plaintiffs." *Glatt*, 2012 WL 2108220, at *2 (quotations marks, citations, and text alterations omitted). *See also Ruiz*, 2011 WL 43509, at *1 (production would not "present any particular privacy problems"); *Whitehorn*, 2010 WL 2362981, at *3 (need for discovery outweighs privacy concerns).

**Defendants' Position:** Johnson filed his Complaint in October 2018 and only now – over one year later – seeks contact information for all "non-exempt" MAC employees in the United States despite never being able to articulate any basis beyond his vague allegations to justify giving Johnson access to contact information for thousands of non-exempt MAC employees, nationwide. MAC employs individuals in a variety of non-exempt positions, all with different job descriptions, schedules and procedures for recording worked at their respective locations. Johnson was only employed as an Assistant Manager (one, of several MAC non-exempt positions) during the relevant three (3) year period in only three MAC locations in Queens and Long Island.[1]

The crux of Johnson's allegations for unpaid overtime is that he "frequently logged over 40 hours in a week" but "was not paid for overtime" as "there are discrepancies between the number of hour logged by Plaintiff and the number of hours shown on Plaintiff's paystubs." (Compl. at ¶¶ 17-21).[2] He points to one workweek (May 13, 2018 to May 20, 2018) wherein he claims he logged 42 hours and 30 minutes but was "not paid overtime for this week." (Compl. at ¶20). But the Complaint (and, subsequent discovery) does not articulate any basis, beyond a vague conclusory statement, to suggest that Johnson's alleged experience extends to other Assistant Managers in New York MAC locations, let alone to all non-exempt employees nationwide. In January 2019, Plaintiffs' counsel said he spoke with approximately 10 other individuals with allegedly similar claims as Johnson. To date, only one opt-in, Amanda Baltrusitis ("Baltrusitis") from New York has joined this matter. Baltrusitis worked at one of the same New York locations as Johnson and has not articulated any basis for her alleged claims (despite being requested to in discovery to date).

Johnson's argument that they require contact information to "facilitate the speedy collection of data so Plaintiff can quickly move for collective certification" is disingenuous. This case has been pending for one year; during this time, Johnson has not shown any urgency in prosecuting the claim as a collective action or otherwise. Indeed, clearly, Johnson's investigation to date has not "borne any fruit" – and, accordingly, Johnson's overly broad and intrusive request for contact information for all non-exempt MAC employees raises serious concerns that Johnson is now only improperly seeking this information to identify and seek new clients. As set forth below, Plaintiffs are not entitled to contact information for all non-exempt employees in the United States and their application to make a motion to compel same should be denied.

## I. The Relevant Facts Do Not Warrant Disclosure of Contact Information For All MAC Non-Exempt Employees, Nationwide

### A. About MAC

MAC is a prestige cosmetics brand that manufactures, markets and sells professional cosmetics, makeup tools, skin care products, and fragrances at, among other places, makeup counters in department stores and freestanding MAC stores. MAC complies with all federal and state laws pertaining to overtime pay for non-exempt employees. While all non-exempt employees are required to accurately record their time by clocking-in and clocking-out for each shift, the procedure for recording said time will vary depending on their positions, location and type of store where the individual employee works. MAC employs individuals in a variety of non-exempt positions, all with different job descriptions, schedules and procedures for recording worked at their respective locations.

---

[1] He was also temporarily assigned for approximately a week at MAC's Time Square location.
[2] Contrary to Plaintiff's position the Complaint does not allege a minimum wage claim.

4

B. **Johnson's and Baltrusitis' Employment With MAC**

**Stanley Johnson**: Johnson was hired by MAC in August 2012, and remained until his employment was terminated on July 13, 2018. During the relevant FLSA period, he was primarily an Assistant Manager at MAC's retail locations in Long Island and Queens. While employed, Johnson was repeatedly counseled for excessive tardiness and absenteeism. Despite repeated counseling, he failed to improve his attendance and was discharged, effective July 13, 2018. Johnson has also filed a complaint in the Eastern District of New York alleging discrimination and wrongful discharge. Defendants deny all of his allegations and are vigorously defending the matter.[3] While employed, Johnson never complained to MAC that he was not properly compensated for all hours worked, or that his paystubs did not accurately reflect his hours worked.

**Amanda Baltrusitis**: Baltrusitis was hired by MAC in February 2007, and remained until her employment was terminated on November 1, 2016 for engaging in gross misconduct in violation of MAC's policies. During the relevant FLSA period, Baltrusitis' potential liability is from only October 2015 to December 28, 2015. She never complained that she was not properly compensated for all hours worked, or that her paystubs did not accurately reflect her hours worked.

II. **JOHNSON'S REQUEST FOR CONTACT INFORMATION FOR ALL MAC NON-EXEMPT EMPLOYEES IN THE UNITED STATES SHOULD BE DENIED**

Johnson seeks permission to move to compel MAC to provide contact information for all non-exempt MAC employees in the United States who worked in excess of 40 hours in a workweek, a discovery request to which Defendants properly objected. Contrary to Plaintiffs' assertions, there is case law in this Circuit *denying* pre-certification class discovery requests.[4]

Moreover, the contact information sought by Johnson for all "non-exempt" employees is well outside any putative collective, overly broad and inappropriate. It encompasses a number of positions and job titles of employees who perform varying tasks at very different types of locations, and who are not similarly situated and thus, not susceptible to class adjudication. Johnson was only employed as an Assistant Manager (one, of several non-exempt MAC positions) at three New York locations. Contrary to Johnson's assertions, the case law cited by him in support of nationwide disclosure **does not** permit the disclosure of contact information for such an overly broad request as all "non-exempt" employees. Rather, the Court's permitted nationwide disclosure only when, unlike here, the position was narrowly defined and was actually held by the plaintiff in the matter. See e.g. *Maria Vecchio v. Quest Diagnostics, Inc. et al.*, No. 1:16-cv-05165-ER (permitted disclosure of contact information only for "medical examiners' nationwide); *Glatt v. Fox Searchlight Pictures, Inc.* 2012 WL 2108220 *6 (permitted disclosure of contact information for only "interns"); *Ruiz v. Citibank, N.A.* 2011 WL 4350i9 * 2 (permitted disclosure of contact information for only individuals in title of "personal banker').

At best, Johnson could, *arguendo,* seek to certify a collective of Assistant Managers who worked

---

[3] On this basis alone, Johnson would not be an appropriate class representative for any Rule 23 class action.

[4] See e.g., *Charles v. Nationwide Mut. Ins. Co.,* No. 09 CV 94 (ARR), 2010 U.S. Dist. LEXIS 143487, at *23 (E.D.N.Y. May 27, 2010) ("refus[ing] to allow discovery of class members' identities at the pre-certification stage") (internal citation omitted); *Klimchak v. Cardrona, Inc.,* No. CV 09-4311 (SJF)(ARL), 2010 U.S. Dist. LEXIS 112328, at *4 (E.D.N.Y. Oct. 21, 2010) ) ("[T]he discovery sought by the plaintiffs is improper because the class has not been conditionally certified…").

at the same locations as Johnson. To this end, Defendants offered to provide Johnson's counsel with the contact information for these individuals (approximately 100 people) in order to resolve this dispute without need for judicial intervention. Johnson is not entitled to any contact information beyond the scope of the collective that Plaintiffs could seek to certify – other Assistant Managers at the locations where Johnson worked during FLSA period. Moreover, when courts deny motions to compel class lists, they tend to do so when there is a risk that plaintiffs have requested such information in order to solicit additional clients.[5] Johnson's counsel contends he needs this information to investigate the appropriateness of certification. However, given that Johnson's counsel, as of January 2019, purportedly spoke with at least ten other employees with allegedly similar claims, yet there is only one opt-in Plaintiff, serious and legitimate concerns exist that Johnson's counsel may be now be seeking this contact information (almost one year later) to identify and solicit potential new clients.

Accordingly, Johnson's request to file a motion to compel the contact information for all non-exempt employees in the United States should be denied. Defendants respectfully request to be heard either orally or in writing on this issue before the Court makes a determination on Johnson's application to compel.

\* \* \* \* \* \* \* \*

We are available to discuss these issues at the Court's convenience.

Respectfully submitted,

/s/ Salvatore C. Badala
/s/ Sarah K. Hook

---

[5] See e.g. *Dziennik v. Sealift, Inc.*, No. 05-cv-4659 (DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.").