```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
STANLEY JOHNSON et al.,                                     :
                                                            :
                              Plaintiffs,                   :
                                                            :          18-CV-9157 (VSB)
                -against-                                   :
                                                            :          OPINION & ORDER
                                                            :
M.A.C. COSMETICS, INC. et al.,                              :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

Danielle Jan Marlow
Moritt Hock & Hamroff LLP
Garden City, New York

Salvatore Charles Badala
Napoli Shkolnik PLLC
Melville, New York

*Counsel for Plaintiffs*

Adam Simeon Gross
Wendy J. Mellk
Gregory S Slotnick
Sarah Katherine Hook
Jackson Lewis P.C.
New York, New York

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On March 25, 2021, counsel for Plaintiffs advised me that they had reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 87.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

1

Because the settlement agreement contains an overly broad release, I find that the settlement agreement of the parties is not fair and reasonable and its approval is DENIED.

## I.     **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable

in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II. Procedural History

Plaintiff Stanley Johnson commenced this action on October 5, 2018. (Doc. 1.) Defendants filed an answer on December 12, 2018 generally denying liability. (Doc. 16.) On December 6, 2019, at Plaintiffs' request, I held a conference regarding whether Defendants should be compelled to produce the contact information of others who may be similarly situated to Plaintiffs for the purposes of this FLSA action, (*see* Doc. 34), and during the conference I ordered Defendants to produce the contact information. In the course of this action, sixteen additional Plaintiffs opted into this action pursuant to 29 U.S.C. § 216(b). (*See, e.g.*, Docs. 26, 48, 57.)

On August 31, 2020, Plaintiffs filed a motion for conditional certification of this action as a FLSA collective action. (Doc. 68.) This spurred the parties to engage in mediation and settlement negotiations. (*See, e.g.*, Docs. 77, 80.) On January 15, 2021, the parties informed me that they anticipated submitting a fully executed settlement for approval. (Doc. 84.) I held a status conference on February 25, 2021, during which the parties informed me they expected to have a settlement agreement ready for my review by March 25, 2021. (*See id.*) The parties then filed for settlement approval on March 25, 2021. (Doc. 87.)

## III. Discussion

I have reviewed the settlement agreement, supporting declaration, and evidence, and Plaintiffs' counsel's description of the work performed in order to determine whether the terms are fair, reasonable, and adequate. Because the settlement agreement's release of claims is overbroad, I deny approval.

### A. *Settlement Amount*

I first consider the settlement amount. The agreement between Plaintiffs and Defendants

provides for the distribution to Plaintiffs of $525,000, inclusive of attorney's fees and expenses. (Doc. 87-1.) The agreement sets forth the amounts that each Plaintiff is to receive exclusive of attorneys' fees and costs. (*See id.* ¶ 1.) Counsel represents that Plaintiffs will receive 75% of the approximately $700,000 they stood to recover if they had successfully litigated their claims to completion. (*See* Doc. 87-2 ¶¶ 41–42.) Plaintiffs maintain that this is a substantial recovery, especially given that Defendants have contested Plaintiffs' claims, including on the grounds that Plaintiffs are exempt from FLSA, which, if established, would entirely bar Plaintiffs from recovering. (Doc. 87, at 3.)

I find that the risks faced by Plaintiffs, as well as the risk that Defendants could have been exposed to greater damages had they proceeded with this litigation, more than support the amount of settlement. Moreover, I find no basis to think that the settlement agreement was the result of fraud or collusion, particularly because the parties litigated this case in zealous opposition to each other through Plaintiffs' motion for conditional certification, (*see* Doc. 68), the filing of which "prompted renewed settlement discussions," (Doc. 74). Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount is fair and reasonable.

      **B.**    *The Non-Publicity and Release Provisions*

          1.  <u>Non-Publicity Provision</u>

The agreement contains a mutual non-disparagement clause, titled "Mutual Non-Publicity," stating that "[t]he Parties . . . will not in any manner publicize the terms of this Agreement," but the clause goes on to state that it does "not serve as a bar to Plaintiffs from making truthful statements to any source about their experience litigating the lawsuit." (Doc. 87-1 ¶ 4.) This clause is proper given FLSA settlement practice in this District. *See Baikin v. Leader Sheet Metal, Inc.*, 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) ("Courts in this District have held

that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." (citation omitted)).

### 2. Release Clauses

The settlement agreement provides that Plaintiffs release Defendants from "all claims Plaintiffs have or may have, that have been asserted or could have been asserted, under federal, state or local laws,"[1] with a carveout for Plaintiff Stanley Johnson's claims at issue in a pending action in the Eastern District of New York. (Doc. 87-1 ¶ 3.) This release is too broad to be approved. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). On the other hand, "[i]n FLSA settlement agreements, a plaintiff may release any and all wage-and-hour claims that are at issue or could have been at issue in the instant litigation." *Brittle v. Metamorphosis, LLC*, No. 20 Civ. 3880 (ER), 2021 WL 606244, at *4 (S.D.N.Y. Jan. 22, 2021); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-CV-7131 (KMK), 2021 WL 38264, at *5 (S.D.N.Y. Jan. 5, 2021) ("[C]ourts have held that in a FLSA settlement, the release must generally be limited only to wage and hour claims."); *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) ("All the released claims are related to wage-and-hour or other employee-benefits issues and are sufficiently narrow so as to survive judicial scrutiny.").

---

[1] In this term "Releasees" is defined as "Defendants, as well as Defendants' current and former owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them." (Doc. 87-1 ¶ 3.)

Although the settlement agreement's release provision is not so broad as to release unknown claims, its plain language extends beyond FLSA claims or other, similar wage-and-hour claims. Given this, I cannot approve the settlement agreement.

### IV. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is not fair and reasonable. Accordingly, the motion to approve the agreement of the parties is hereby DENIED.

Within 28 days of this order, the parties shall file a new settlement agreement that cures the deficiencies discussed above, along with a letter motion in support of the new settlement agreement explaining why it is proper, or indicate that they wish to continue litigating the case. The parties should also review the other terms of their settlement agreement to make sure that those terms are in compliance with the governing standards for FLSA settlement approval

SO ORDERED.

Dated:   November 12, 2021
         New York, New York

_____
Vernon S. Broderick
United States District Judge