UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
STANLEY JOHNSON et al.,                                     :
:
                                       Plaintiffs,  :
:                  18-CV-9157 (VSB)
                 -against-                       :
:                  **OPINION & ORDER**
:
M.A.C. COSMETICS, INC. et al.,                              :
:
                                   Defendants.  :
------------------------------------------------------------X

Danielle Jan Marlow
Moritt Hock & Hamroff LLP
Garden City, New York

Salvatore Charles Badala
Napoli Shkolnik PLLC
Melville, New York

*Counsel for Plaintiffs*

Adam Simeon Gross
Wendy J. Mellk
Gregory S Slotnick
Sarah Katherine Hook
Jackson Lewis P.C.
New York, New York

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      On March 25, 2021, counsel for Plaintiffs advised me that they had reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 87.) On November 12, 2021, I denied approval because I found the settlement agreement contained an overly-broad release of claims, which rendered it not fair and reasonable. (Doc. 90.) Subsequently, on December 15, 2021, the parties submitted a revised settlement agreement and a letter motion requesting its approval. (Docs. 99 & 99-1.)

1

Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 806–07 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

I find that the revised settlement agreement of the parties is fair and reasonable. Its approval is GRANTED.

## I.      Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting

*Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients."  *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it."  *Fisher*, 948 F.3d at 597.

## II.     Procedural History

I assume familiarity with my recent prior order denying settlement approval, which more fully states the procedural history of this action.  (Doc. 90.)

## III.    Discussion

I have reviewed the settlement agreement, supporting declaration, and evidence, and Plaintiffs' counsel's description of the work performed in order to determine whether the terms are fair, reasonable, and adequate.  I find that it is.

As an initial matter, I incorporate my order denying settlement approval, in which I found the prior settlement agreement to be proper in all regards other than its release of claims provision. (Doc. 90.)  Having reviewed the revised settlement agreement, it is clear that it retains the parts of the prior settlement agreement I found proper and modifies the release of claims provision. (*Compare* Doc. 87-1 *with* Doc. 99-1.)

The revised settlement agreement provides that Plaintiffs release Defendants from "all wage and hour claims . . . Plaintiffs have or may have," and that "Plaintiffs do not release any claims except the wage and hour claimed described within this section of the Agreement."  (Doc. 99-1 ¶ 3.) In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no

3

relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). On the other hand, "[i]n FLSA settlement agreements, a plaintiff may release any and all wage-and-hour claims that are at issue or could have been at issue in the instant litigation." *Brittle v. Metamorphosis, LLC*, 20 Civ. 3880 (ER), 2021 WL 606244, at *4 (S.D.N.Y. Jan. 22, 2021); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-CV-7131 (KMK), 2021 WL 38264, at *5 (S.D.N.Y. Jan. 5, 2021) ("[C]ourts have held that in a FLSA settlement, the release must generally be limited only to wage and hour claims."); *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *2 (S.D.N.Y. May 24, 2018) ("All the released claims are related to wage-and-hour or other employee-benefits issues and are sufficiently narrow so as to survive judicial scrutiny").

Accordingly, I find that the revised settlement agreement's release of claims is fair and reasonable, as it constrains its release only to Plaintiffs' wage and hour claims.

### IV. Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. Accordingly, the motion to approve the agreement of the parties is hereby GRANTED.

The Clerk of Court is respectfully directed to close the open motion at docket number 68 and to terminate this action.

SO ORDERED.

Dated: May 24, 2022
       New York, New York

                                            Vernon S. Broderick
                                            United States District Judge